IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHARLES E. GIEBEL, II,

    Plaintiff,

v.

SOUTHWEST AIRLINES CO.,

    Defendant.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Southwest Airlines Co. ("Southwest") hereby removes the case captioned *Charles E. Giebel v. Southwest Airlines Co.*, from the District Court, Denver County, State of Colorado, to the U.S. District Court for the District of Colorado on the ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal under 28 U.S.C. § 1441(b), Southwest states as follows:

## BACKGROUND

1. On January 23, 2019, Plaintiff Charles E. Giebel, II ("Plaintiff") filed a Complaint ("Complaint") against Southwest in the District Court, Denver County, Colorado ("State Court Action").

2. Plaintiff served Allstate with the Complaint on January 24, 2019 by service on its registered agent, Corporation System. (*See* January 28, 2019 affidavit of service submitted herewith.)

3. The allegations in the Complaint stem from an injury occurring on a Southwest flight on or about March 22, 2017. (*See* Compl. ¶¶ 3-6.)

4. Plaintiff alleges that Southwest employees failed to prevent another passenger from dropping a bag on Plaintiff. *(Id.* ¶¶ 5-6.)

5. Plaintiff asserts two claims for relief: negligence and common carrier liability. (*Id*. ¶¶ 7-14 and 15-24.)

6. Plaintiff requests "judgment against Defendant, Southwest Airlines Co., in an amount to be determined at trial, plus costs, interest from March 22, 2017, and such other and further relief as the Court deems just and equitable." (*Id*. WHEREFORE clause, p. 4.)

7. Southwest contends that its actions were reasonable, and it did not commit negligence or common carrier liability.

**I.     REMOVAL IS TIMELY**

1. This Notice of Removal is filed within thirty (30) days after service of the Complaint on Defendant, which occurred on January 24, 2019. (*See* January 28, 2019 affidavit of service submitted herewith.)

2. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

## II.  DIVERSITY OF CITIZENSHIP EXISTS

3. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See Id*.

4. Plaintiff is a resident and citizen of Colorado. (*See* Compl. ¶1.)

5. Defendant is an airline organized in the State of Texas and with its principal place of business in the State of Texas. (*See* Compl. ¶ 2; Colorado Secretary of State summary, attached as Exhibit 1.)

6. Because the parties are citizens of different states, and Southwest is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1), § 1332(c)(1), and § 1441.

## III.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

8. Plaintiff alleges that he sustained multiple injuries of a continuing and permanent nature, including shoulder pain, head pain, abrasion and bleeding, right elbow pain, and right shoulder pain. He seeks compensation for pain and suffering, loss of enjoyment of life, past and future medical expenses—which he alleges are continuing to accrue due to the continuing nature of the injury—and physical impairment. (Compl. ¶¶ 22-24.)

9. Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that he seeks "[a] monetary judgment over $100,000," excluding interest and costs. (*See* State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on his civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

10. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

1. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

**PROCESS, PLEADINGS, AND ORDERS SERVED**

1. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is attached hereto as Exhibit 2.

Dated: February 21, 2019    Respectfully submitted,

*s/ Cedric D. Logan*
John M. Fitzpatrick
Cedric D. Logan
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   fitzpatrick@wtotrial.com
            logan@wtotrial.com

Attorneys for Defendant
Southwest Airlines Co.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 21, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following email address:

- **jaquino@pribila.com**
- **tfields@pribila.com**
- **bpribila@pribila.com**

*s/ Cedric D. Logan*