| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>Court Address:  1437 Bannock Street<br>                        Denver, CO 80202<br><br>**Plaintiff:**<br>CHARLES E. GIEBEL, II<br><br><br>**Defendant(s):**<br>SOUTHWEST AIRLINES CO. | DATE FILED: January 23, 2019 11:39 AM<br>FILING ID: 30CA5E99E956F<br>CASE NUMBER: 2019CV30263<br><br><br><br><br><br><br><br>▲ COURT USE ONLY ▲ |
| Attorneys For Plaintiff:<br>       Pribila, Aquino & Fields, PC<br>       R. Jerome Aquino, #42004<br>       Timothy L. Fields, #40037<br>       Bethany A. Pribila, #35221<br>Address:  628 North Weber Street<br>                 Colorado Springs, CO  80903<br>Phone Number: (719) 473-1238<br>Fax Number:    (719) 473-2542<br>Email:     jaquino@pribila.com<br>              tfields@pribila.com<br>              bpribila@pribila.com | Case Number:<br><br>Div.: |
| COMPLAINT | |

COMES NOW, the Plaintiff, Charles E. Giebel, II, by and through his attorneys, PRIBILA, AQUINO & FIELDS, PC, and for a Complaint against Defendant, states, alleges and avers as follows:

### General Allegations

1. At all times pertinent hereto, Plaintiff, Charles E. Giebel, II is and was a resident of the County of Douglas, State of Colorado.

2. Upon information and belief, Defendant, Southwest Airlines Co., is an entity authorized to do and doing business in the State of Colorado and organized pursuant to the laws of the State of Texas, with a principal place of business located at 2702 Love Field Drive, Dallas, TX 75235 and with a registered agent for service of process, The Prentice-Hall Corporation System, Inc., 1900 W. Littleton Boulevard, Littleton, CO 80120.

3. On or about March 22, 2017, Plaintiff, Charles E. Giebel, II, was a seated passenger on

an aircraft in Denver, Colorado, that was being flown and operated by Defendant, Southwest Airlines Co., and bound to Newark, New Jersey.

4. Plaintiff was conducting himself in a lawful and careful manner at said time and place.

5. While Plaintiff, Charles E. Giebel, II, was seated, an obviously infirmed passenger struggled to place his suitcase into the overhead bin above Plaintiff.  As this passenger was doing so, no employees of Defendant, Southwest Airlines Co., assisted him or attempted to assist him.  Instead, employees allowed the passenger to attempt to place the suitcase into the overhead bin by himself.

6. The suitcase fell onto the head, shoulder, right forearm and elbow of Plaintiff, Charles E. Giebel, II.

## First Cause of Action – Negligence

7. Plaintiff hereby incorporates paragraphs one through six as though fully set forth herein.

8. As Plaintiff, Charles E. Giebel, II, was a passenger in an aircraft flown and operated by Defendant Southwest Airlines Co., Defendant owed Plaintiff a duty of care.

9. By failing to assist the obviously infirmed passenger in placing his suitcase into the overhead bin as aforesaid, Defendant, Southwest Airlines Co.'s employees failed to act as reasonable persons, or reasonably careful persons, would under the same or similar circumstances to protect others from bodily injury; therefore, the employees were negligent.

10. The acts or omissions of employees of Defendant, Southwest Airlines Co., are, in law, the acts or omissions of Defendant.

11. The incident as aforesaid was the sole and proximate result of the negligence of employees of Defendant, Southwest Airlines Co.

12. As a result of the incident as aforesaid, Plaintiff, Charles E. Giebel, II, did sustain multiple injuries, including but not limited to right shoulder pain, head pain, a tear in his long-sleeved shirt with subsequent abrasion and bleeding, as well as right elbow pain and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of his injuries.

13. Plaintiff, Charles E. Giebel, II, as a result of the incident as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature, and has endured pain and suffering, loss of enjoyment of life and physical impairment.

14. The incident as aforesaid was the sole and proximate result of the negligence of employees of Defendant, Southwest Airlines Co., and Plaintiff, Charles E. Giebel, II, was without negligence on his part contributing to said incident.

WHEREFORE, Plaintiff, Charles E. Giebel, II, prays for judgment against Defendant, Southwest Airlines Co., in an amount to be determined at trial, plus costs, interest from March 22, 2017, and such other and further relief as the Court deems just and equitable.

### Second Cause of Action – Common Carrier Liability

15. Plaintiff hereby incorporates paragraphs one through fourteen as though fully set forth herein.

16. At all times pertinent hereto, Defendant, Southwest Airlines Co., is and was a common carrier engaged in the business of transporting fare-paying passengers and owed a duty to its passengers, including Plaintiff, Charles E. Giebel, II.  As a common carrier, Defendant is obligated to provide the highest standard of care to protect its passengers' well-being and safety.

17. As a passenger on Defendant, Southwest Airlines Co.'s aircraft, Plaintiff, Charles E. Giebel, II, was owed the highest standard of care by Defendant to ensure that his safety and well-being was protected.

18. As employees of Defendant, Southwest Airlines Co., the employees, as aforesaid, owed Plaintiff, Charles E. Giebel, II, the highest standard of care by Defendant to ensure that his safety and well-being was protected.

19. By failing to assist the obviously infirm passenger in placing his suitcase into the overhead bin as aforesaid, Defendant, Southwest Airlines Co.'s employees failed to meet the standard of care owed by common carriers.

20. The acts or omissions of employees of Defendant, Southwest Airlines Co., are, in law, the acts or omissions of Defendant.

21. The incident as aforesaid was the sole and proximate result of the conduct of employees of Defendant, Southwest Airlines Co.

22. As a result of the incident as aforesaid, Plaintiff, Charles E. Giebel, II, did sustain multiple injuries, including but not limited to right shoulder pain, head pain, a tear in his long-sleeved shirt with subsequent abrasion and bleeding, as well as right elbow pain and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of his injuries.

23. Plaintiff, Charles E. Giebel, II, as a result of the incident as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature, and has endured pain and suffering, loss of enjoyment of life and physical impairment.

24. The incident as aforesaid was the sole and proximate result of the conduct of employees of Defendant, Southwest Airlines Co., and Plaintiff, Charles E. Giebel, II, was without negligence on his part contributing to said incident.

WHEREFORE, Plaintiff, Charles E. Giebel, II, prays for judgment against Defendant, Southwest Airlines Co., in an amount to be determined at trial, plus costs, interest from March 22, 2017, and such other and further relief as the Court deems just and equitable.

Respectfully submitted this 23rd day of January, 2019.

*/s/ Timothy Fields*
Timothy Fields, #40037
PRIBILA, AQUINO & FIELDS, P.C.